**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN R. WILSON,

      Petitioner-Appellant,

v.

AL ESTEP, Warden, Freemont
Correctional Facility; JOHN W.
SUTHERS, The Attorney General of
the State of Colorado,

      Respondents-Appellees.

No. 08-1397

(D.C. No. 08-cv-0884-ZLW-BNB)
(D. Colorado)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

---

Steven R. Wilson, a Colorado state prisoner appearing *pro se*,[1] seeks a

certificate of appealability ("COA") in order to challenge the district court's

denial of his 28 U.S.C. § 2254 application for federal habeas relief.  Because

Wilson has failed to satisfy the standards for the issuance of a COA, we deny his

request and dismiss the matter.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1] As he is proceeding *pro se*, we have construed Wilson's pleadings
liberally.  Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

I.

Wilson was tried by jury and found guilty of attempted second-degree murder, first-degree assault, first-degree assault upon a sudden heat of passion, first-degree sexual assault, first-degree criminal trespass, first-degree aggravated motor vehicle theft, second-degree kidnapping, and harassment.  The jury found that four of these counts were crimes of violence, and on April 13, 1999, Wilson was sentenced to a total of 34 years' imprisonment.

On direct appeal, Wilson claimed: (1) the trial court improperly admitted evidence of a 911 recording; (2) the evidence was insufficient to support his conviction for first-degree sexual assault; (3) the trial court improperly instructed the jury with respect to his conviction for second-degree kidnapping being a crime of violence; and (4) his sentences for first-degree sexual assault and second-degree kidnapping should have been imposed concurrently.  The Colorado Court of Appeals vacated the finding that the second-degree kidnapping conviction was a crime of violence, affirmed in all other respects, and remanded for resentencing on the second-degree kidnapping conviction.  Colorado v. Wilson, No. 97CR2521 (Colo. Ct. App. Nov. 30, 2000).  On April 23, 2001, the Colorado Supreme Court denied certiorari review.  On June 15, 1991, the state trial court resentenced Wilson to 26 years' imprisonment.  Wilson did not appeal this sentence.

Over four months later, on November 21, 2001, Wilson filed a motion for

sentence reconsideration in the state trial court. The motion was filed 159 days after Wilson's sentence was entered, beyond the 120-day period allowed under Rule 35(b) of the Colorado Rules of Criminal Procedure.[2] The state trial court, however, considered the merits of the motion and ultimately denied it on December 4, 2001. Wilson did not appeal this denial.

Two months later, on February 6, 2002, Wilson filed an "Amended Motion to Reconsider," and in March 2002 filed additional supporting documents. The state trial court never ruled on this motion. In July and August 2002, Wilson and his family sent letters to the state trial court concerning the amended motion, and on August 28, 2002, the state trial court advised Wilson in a letter that it had already reconsidered his sentence pursuant to the first Rule 35(b) motion, and that

---

[2] Rule 35(b) states:

> Reduction of Sentence. The court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed, or (2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence. The court may, after considering the motion and supporting documents, if any, deny the motion without a hearing. The court may reduce a sentence on its own initiative within any of the above periods of time.

Colo. R. Crim. P. 35(b).

3

it would not do so again.

Wilson next filed a state court application for post-conviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure[3], on April 14, 2003, and a supplemental motion on August 4, 2003. On April 30, 2004, Wilson's appointed counsel filed another supplemental motion. In his Rule 35(c) motion, Wilson raised the following claims: (1) ineffective assistance of trial counsel during trial; (2) ineffective assistance of trial counsel during post-trial proceedings; (3) prosecutor misconduct regarding discovery and disclosure; (4) failure of the trial court to grant a continuance; and (5) ineffective assistance of appellate counsel.

On May 27, 2005, following a hearing, Wilson's Rule 35(c) motion was denied. Colorado v. Wilson, No. 97 CR 2521 (Colo. Dist. Ct. May 27, 2005). The Colorado Court of Appeals affirmed this denial on September 30, 2007. Colorado v. Wilson, No. 05CA1416 (Colo. Ct. App. Sept. 30, 2007). On March 17, 2008, the Colorado Supreme Court denied certiorari review.

In April 2008, Wilson filed his habeas petition with the federal district court. Before the federal district court, Wilson raised the following claims for relief: (1) double jeopardy based on the consecutive rather than concurrent nature

_____

[3] Rule 35(c) states that "every person convicted of a crime is entitled as a matter of right to make application for postconviction review." Colo. R. Crim. P. 35(c)(2).

4

of his sentences; and (2) ineffective assistance of post-trial counsel. The district court did not address Wilson's claims directly, but rather addressed respondents' contention that Wilson's petition was barred by the one-year limitations period applicable to § 2254 petitions. The district court ultimately found that Wilson's petition was time-barred, and denied Wilson's application for a COA.

Wilson has since filed a timely notice of appeal, as well as an application for a COA.

## II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).

## III.

Wilson seeks a COA with respect to all the issues raised in his federal habeas petition. For the reasons that follow, we conclude that he has failed to

satisfy the standards for issuance of a COA with respect to any of these issues, because his petition is time-barred.

Section 2254 petitions have a one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

The district court concluded that: (1) Wilson's conviction became final, and

6

the one-year limitations period for filing a federal habeas petition began running, on July 30, 2001, after the forty-five day period for filing a notice of appeal after his June 15, 2001 resentencing had lapsed; (2) Wilson's one-year limitations period was not tolled during the fourteen days Wilson's Rule 35(b) motion was pending because the Rule 35(b) motion was not "properly filed" as it was filed outside the 120 days permitted under the Rule;[4] (3) Wilson's February 6, 2002 amended Rule 35(b) motion and letters did not toll the limitations period because they were also untimely filed; (4) the one-year limitations period therefore expired on July 30, 2002, which was eight and one-half months prior to his Rule 35(c) filing, and because Wilson's Rule 35(c) motion was filed after the one-year limitations period expired, it did not toll the limitations period; and (5) Wilson stated no basis for equitable tolling of the limitations period.

The district court in this case correctly outlined the controlling standards for assessing the timeliness of a federal habeas petition. As the district court noted, Congress has "established a one-year period of limitations for habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). The one-year limitations period generally starts running

---

[4] The district court found that this was true despite the fact that the state court considered the Rule 35(b) motion. See Gibson v. Klinger, 232 F.3d 799, 805-06 (10th Cir. 2000) (concluding that a state court's decision to consider an appeal out of time does not transform the petitioner's post-conviction filing into a "properly filed" application so as to toll the limitations period for filing a federal habeas petition).

7

from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is, however, tolled by "[t]he time during which a *properly filed* application for State post conviction relief . . . is pending." Id. § 2244(d)(2) (emphasis added). Finally, the limitations period may also, in rare circumstances, "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

After reviewing the record on appeal, we fully agree with the district court that Wilson's federal habeas petition was untimely filed, and we conclude that no reasonable jurist could find it debatable whether the district court was correct in its procedural ruling. Wilson contends the district court erred because he has established his entitlement to equitable tolling through his ineffective assistance of post-trial counsel claim—Wilson claims his trial counsel was ineffective for filing his Rule 35(b) motion outside the 120 days allowed. However, even if Wilson had established ineffective assistance in post-trial counsel, the district court alternatively found that even if Wilson's Rule 35(b) motion was timely filed and tolled the statute of limitations, Wilson's petition would still be barred by the one-year limitations period. Wilson's November 21, 2001 Rule 35(b) motion, if

8

"properly filed," would have tolled the limitations period from November 21, 2001 until January 18, 2002, when the forty-five days expired for appealing the state court's December 4, 2001 denial of the motion had run. This tolling of fifty-nine days does not change the ultimate outcome that Wilson's one-year limitations period had expired prior to his Rule 35(c) post-conviction relief filing.

After examining the record on appeal, we agree with the district court, and conclude that Wilson is not entitled to a COA on his claims.

IV.

After carefully reviewing Wilson's appellate pleadings and the record on appeal, we conclude he has failed to establish that "reasonable jurists could debate whether" his habeas petition "should have been resolved in a different manner or . . . w[as] adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484.

We therefore DENY Wilson's request for a COA and DISMISS the matter. Petitioner's motion to proceed *in forma pauperis* and motion to supplement the record on appeal, are also DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

9